UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JACQUELINE E. BRUNO,                                 :

                   Plaintiff,                 :        09 Civ. 4690 (JSR) (DF)

    -against-                                         :        **REPORT AND**
                                      **RECOMMENDATION**
MICHAEL J. ASTRUE,                                   :
COMMISSIONER OF SOCIAL SECURITY,

                                 :
                   Defendant.
----------------------------------------------------------------X

**TO THE HONORABLE JED S. RAKOFF, U.S.D.J.:**

**INTRODUCTION**

      Plaintiff Jacqueline E. Bruno ("Plaintiff") seeks review of the final decision of Defendant

Michael J. Astrue, the Commissioner of Social Security ("Defendant" or the "Commissioner")

granting disability benefits as of September 21, 2004.  Defendant has moved pursuant to

Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings affirming

Defendant's decision.  For the reasons set forth below, I respectfully recommend that the motion

be granted and this action dismissed.

      As an initial matter, the Court notes that, although the Court expressly cautioned Plaintiff

that a failure to serve and file any opposition to Defendant's motion could result in a

recommendation that Defendant's motion be granted by default (*see* Scheduling Order in Social

Security Case, dated August 11, 2009 (Dkt. 7)), Plaintiff has not, to date, filed any response to

the motion, nor has she filed a cross-motion.  As a result, this Court could recommend that

Defendant's motion be granted based solely on Plaintiff's failure to oppose Defendant's motion.

*See* Local Civil Rule 7.1(a).  As Plaintiff is proceeding  *pro se*, however, the Court has reviewed

the administrative record and the arguments made by Defendants in light of that record, so as to assess whether those arguments have merit. *See Burgos v. Barnhart*, No. 01 Civ.10032 (RCC) (DF), 2003 U.S. Dist. LEXIS 14407, at *31-32 (S.D.N.Y. Aug. 20, 2003) (Report & Recommendation), *adopted by*, Order, dated Oct. 7, 2003 (RCC); *see also Pena v. Barnhart*, No. 01 Civ. 502 (BSJ) (DF), 2002 U.S. Dist. LEXIS 21427, at *18-19 (S.D.N.Y. Oct. 29, 2002), (Report and Recommendation), *adopted by*, Order, dated Jan. 23, 2003 (BSJ); *Hufana v. Apfel*, No. 99 Civ. 3345 (FB), 2000 U.S. District LEXIS 12208, at *2 n.1 (E.D.N.Y Aug. 18, 2000); *Cortez v. Apfel*, No. 96 Civ. 7214 (AGS), 1998 U.S. District LEXIS 14179, at *1 n.2 (S.D.N.Y. Sept. 10, 1998). Based on the record, Defendant's motion is well supported by fact and law, and I therefore recommend that the motion be granted on the merits.

## BACKGROUND

### A.   Plaintiff's Application for Benefits

On March 26, 1999, Plaintiff filed an application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (R. at 235-37.)[1] In her application, Plaintiff alleged a disability onset date of June 16, 1997. (*Id.* at 235.) The Social Security Administration ("SSA") denied her application on August 13, 1999. (*Id.* at 164-68.) After the initial denial was upheld upon reconsideration (*id.* at 172-75), Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (*id.* at 176).

---

[1] The administrative record is cited herein as "R. __."

**B.**     **The April 21, 2000 Hearing and ALJ Reap's May 24, 2000 Decision**

On April 21, 2000, Plaintiff appeared *pro se* before ALJ James B. Reap.  (*Id.* at 140-60.)

At that hearing, ALJ Reap noted that a prior application filed by Plaintiff had been denied on

November 30, 1998.  (*Id.* at 144.)  Based on the date of the denial of that earlier application, ALJ

Reap asked Plaintiff if she wished to amend her alleged onset date to December 1, 1998:

> ALJ:     The record should show that there was a prior application
>             filed on or about August 5, 1998, with a denial 11/30/98.
>             So as a result, you wish to amend your onset date to
>             12/1/98.
>
> CLMT:   Yes.

(*Id.*)  After confirming that Plaintiff understood (*see id.* ("ALJ:  Okay.  And you understand that.

CLMT: Yes."), ALJ Reap stated that the alleged onset date would be amended to December 1,

1998.  (*Id.*)

On May 24, 2000, ALJ Reap issued a written decision denying Plaintiff's application,

finding that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act").

(*Id.* at 183-93.)  Plaintiff requested review of the ALJ's decision (*id.* at 209) and, on August 15,

2002, the Appeals Council granted Plaintiff's request for remand (*id.* at 210-13).

**C.**     **The March 7, 2003 Hearing and ALJ Katz's June 19, 2003 Decision**

On remand, Plaintiff appeared *pro se* at a March 7, 2003 hearing before

ALJ Dennis G. Katz.  (*Id.* at 116-35.)  ALJ Katz noted that, at the prior hearing, Plaintiff had

amended her alleged onset date, but Plaintiff did not appear to recall doing so:

> ALJ:     You originally said you were disabled as of June 16, 1997.
>             But when you appeared the last time before the Judge, you
>             somehow changed this date to December 1, 1998.
>
> CLMT:  I did?

3

ALJ:    Well, that's what he said.  You don't remember doing that?

CLMT:   I don't – I was – I didn't even understand half the things he
        was telling me.

ALJ:    Oh, all right.

CLMT:   I was so nervous, and yes, yes, yes, and – you know.

ALJ:    All right.  Well, if you want you can try to establish a date
        in 1997.  We talked about a six-month earlier period.

CLMT:   Right.

ALJ:    So if you didn't understand what was going on, we could
        consider that also.

(*Id*. at 121-22.)  ALJ Katz allowed Plaintiff to re-amend the alleged onset date to June 16, 1997,

which was the date originally alleged in Plaintiff's application.  (*Id.* at 121.)

On June 19, 2003, ALJ Katz issued a written decision denying Plaintiff's application,

finding that Plaintiff was not disabled.  (*Id.* at 103-15.)  On August 1, 2003, after retaining

Irwin M. Portnoy, Esq. ("Portnoy") to represent her, Plaintiff requested a review of ALJ Katz's

decision.  (*Id.* at 136-38.)  On May 9, 2006, the Appeals Council again granted Plaintiff's request

for remand (*id.* at 52-55), and another hearing was scheduled for February 26, 2007 (*id.* at 12).

In advance of that hearing, Portnoy submitted additional medical records on behalf of Plaintiff,

including magnetic resonance imaging scans ("MRIs") of Plaintiff's cervical and lumbar spine

taken on September 21 and 25, 2004.  (*Id.* at 1082-85.)[2]

---

[2]  In particular, the MRI of Plaintiff's cervical spine, performed on September 21, 2004,
showed a "[m]ild reversal of the normal lordotic curvature at the level of C5-C6 with mild
dehydration of the disc material at that level as well [as] mild bulging disc para-central to the
left. . . ."  (R. at 1083.)  The September 25, 2004 MRI of Plaintiff's lumbar spine showed
"[d]ehydration of the disc material at the level of L4-L5 and L5-S1 with minimal bulging disc at
the level of L5-S1, with possible annular tear."  (*Id.* at 1084.)

D.     **The February 26, 2007 Hearing**

On the record of the February 26, 2007 hearing, which was again held before ALJ Katz,

Portnoy described an off-the-record conversation that he had with the ALJ, during which

ALJ Katz proposed that Plaintiff amend the alleged onset date again – this time to September 21,

2004, the earliest date of the newly-submitted MRIs.  (*Id*. at 31.)  Portnoy stated that he had

discussed the proposal with Plaintiff and that she had agreed to amend the alleged onset date to

September 21, 2004.  (*Id*. at 31-32.)  Portnoy also stated that he had explained to Plaintiff that

"she would not have the right to re-open" or "to get Social Security Disability, and would be

willing to accept a . . . favorable decision allowing SSI benefits."  (*Id*. at 31.)

ALJ Katz asked Plaintiff if amending the onset date to September 21, 2004 was "okay

with [her]," and Plaintiff confirmed that it was.  (*Id*. at 32.)  ALJ confirmed with Plaintiff that, by

agreeing to this onset date, she would no longer have any claim prior to September 21, 2004 and

would only be eligible for SSI benefits:

> ALJ:     See basically what this is, what it would mean is that you
> would – we, we would turn this into an[] SSI claim, and
> you would be entitled to SSI benefits as of September 21,
> 2004, right?
>
> CLMT:    Yes.
>
> ALJ:     And that would mean that you would probably get a, you
> know, a check for the retroactive benefits that you would
> be entitled to as of September 21, 2004.
>
> CLMT:    Yes.

(*Id.*)[3]  Plaintiff further confirmed that she had discussed the issue with Portnoy.  (*Id.* at 32-33.)

ALJ Katz then suggested withdrawing Plaintiff's DIB claim, but Portnoy declined, stating that

ALJ Katz could "find against" his client on that claim, instead.  (*Id.*)

At the close of the hearing, ALJ Katz asked one final time if amending the alleged onset

date was acceptable to Plaintiff:

> ALJ:  Basically the alleged on-set date is September 1 [*sic*], 2004.
> So, if that's acceptable to you, right?

> CLMT:  Yeah, I have no other choice.

> ALJ:  Well, you do have a choice, I mean, you can, you can, we
> can have a hearing, and you're entitled to allege[], you
> know whatever on-set date you like.  I'm not, I'm not the
> one that, you know forcing you to, to, to accept this.
>
> We were just trying to work this out, and you know, it's not
> it's not anything you should feel you're being forced to,
> and you discussed this with your Attorney, didn't you?

> CLMT:  Yes.

> ALJ:  All right, I, I just want to know if that's acceptable to you.

> CLMT:  Yeah.

> ALJ:  All right, so then that's what we'll do.  We'll amend your
> application accordingly, and I'll send out a written decision
> to you at your address.

> CLMT:  Okay.

(*Id.* at 33-35.)

_____

[3] "To be eligible for disability benefits (*i.e.,* DIB), the claimant must demonstrate that she was disabled on the date she was last insured for benefits."  *Swainbank v. Astrue*, 356 Fed. Appx. 545, 547 (2d Cir. 2009) (citing *Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d Cir. 1989) (citing 42 U.S.C. §§ 423(a)(1)(A), 423(c)(1).))  Here, Plaintiff was last insured on March 31, 2001.  (R. at 42.)  By amending the alleged onset of disability to September 21, 2004, Plaintiff would not be able to demonstrate that she was disabled by the date last insured and, thus, would be ineligible for DIB.

### E.   ALJ Katz's March 1, 2007 Decision and Plaintiff's Request for Review

On March 1, 2007, ALJ Katz issued a written decision granting Plaintiff's application for SSI benefits as of September 21, 2004.  (*Id.* at 37-49.)  In his decision, ALJ Katz explained that the amended disability onset date precluded Plaintiff from eligibility for DIB, and thus only Plaintiff's SSI application "was 'put at issue' in this case.'"  (*Id.* at 42.)  ALJ Katz noted that "[c]ounsel, of course, made [Plaintiff] aware of the effect of amending the alleged onset date to a point in time subsequent to her date last insured."  (*Id.* at 42 n.3.)

On April 18, 2007, Plaintiff filed a *pro se* request for review of ALJ Katz's decision (*id.* at 36), arguing that she was disabled prior to September 21, 2004 (*id.* at 1265-68).  Further, she stated:  "When arriving to my hearing this deal [which involved amending the alleged onset date to September 21, 2004] was already decided between my lawyer and the Judge.  I was told to take the deal and not appeal or I'll wind up with nothing.  I didn't have a chance to testify on my behalf but Judge Katz says I did."  (*Id.* at 1268.)  On February 18, 2009, the Appeals Council denied Plaintiff's request for review (*id.* at 8-11), rendering it the final decision of the Commissioner.

### F.   Plaintiff's Complaint and the Motion Before the Court

On April 22, 2009, Plaintiff, proceeding *pro se,* filed a Complaint in this Court, challenging the denial of disability benefits (*i.e.,* DIB) for the period from June 16, 1997 to September 20, 2007.  (Complaint, dated May 19, 2009 ("Compl.") (Dkt. 2).)  On November 3, 2009, Defendant moved for judgment on the pleadings (Defendant's Notice of Motion, dated Nov. 2, 2009 (Dkt. 12)), together with a supporting memorandum (Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings, dated Nov. 2, 2009 ("Def. Mem.") (Dkt. 13)).  Defendant argued that this Court lacked jurisdiction because the

Commissioner's decision, based on Plaintiff's voluntarily amended onset date, was fully favorable to Plaintiff.  (Dkt. 13 at 1.)  As noted above, Plaintiff did not respond to Defendant's motion.

## DISCUSSION

This Court has jurisdiction to review the "final decision of the Commissioner made after a hearing."  42 U.S.C. § 405(g).[4]  Jurisdiction under Section 405(g), however, does not typically extend to fully favorable decisions.  *Wheeler v. Heckler*, 719 F.2d 595, 600 (2d Cir.1983) (noting "the rule that judicial review of favorable decisions is generally unavailable"); *Jones v. Califano*, 576 F.2d 12, 18 (2d Cir.1978) ("Section 405(g) assumes as a condition for judicial review that the determination by the Secretary after a § 405(b) hearing will be adverse to the claimant of benefits.  It makes no provision for judicial review of a determination favorable to the complainant.").

Here, provided the Court accepts Plaintiff's last-amended onset date, it appears that the Court would lack jurisdiction over Plaintiff's claim, as she would have received all of the benefits to which she could have been entitled, subsequent to that date.  This was precisely the reasoning employed in *Louis v. Commissioner of Social Security*, in which the court found that it lacked jurisdiction over a challenge to a decision awarding disability benefits as of an amended alleged onset date.  No. 6:07 Civ. 0557 (TJM/GHL), 2008 WL 1882707, at *2 (N.D.N.Y. Apr. 10, 2008) (Report & Recommendation), *adopted by*, 2008 U.S. Dist. LEXIS 33945, at *1-2 (N.D.N.Y. Apr. 23, 2008), *aff'd*, 349 Fed. Appx. 576, 578 (2d Cir. 2009).  In that case,  prior to

---

[4] 42 U.S.C. § 405(g) is made applicable to SSI claims by 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.").

the final determination of disability, the plaintiff's attorney had submitted a letter amending the alleged onset date, and benefits were awarded as of the amended date. *Id.* at *1. When the plaintiff later brought suit, attempting to assert an earlier onset date, the court explained that "[t]he award was fully favorable because [p]laintiff, through counsel, asserted an onset date . . . and the Appeals Council's decision found that [p]laintiff ha[d] been disabled since [that date]." *Id.* at *2. On that basis, the court found that it could not review the plaintiff's claim. *Id.; see also Abdullah v. Comm'r of Soc. Sec.*, Case No. 07 Civ. 12340, 2008 WL 564977, at *1 (E.D. Mich. Feb. 28, 2008) (finding the Commissioner's decision to grant benefits as of the alleged onset date, as amended by the plaintiff through counsel, was fully favorable and therefore not subject to review).[5]

Although Plaintiff may be suggesting that the ALJ's decision was not fully favorable because she was only granted SSI benefits and denied DIB, that aspect of the decision does not alter the fact that Plaintiff received all of the relief to which she could have been entitled, given the amended disability onset date. Simply put, with that amended onset date, Plaintiff would not have been eligible for DIB. (*See supra* at n.3.) In sum, the ALJ granted Plaintiff precisely what she asked for: a determination of disability as of September 21, 2004 (*id.* at 31-34, 37-39), which, in turn, resulted in a full award of SSI benefits from that date forward. Under these circumstances, the decision should be viewed as fully favorable.

The only way in which this Court might possibly have jurisdiction over Plaintiff's case would be if it were to construe her *pro se* Complaint as challenging the propriety of the ALJ's

---

[5] *Cf. Traina v. Comm'r of Soc. Sec.*, No. 02 Civ. 7562 (LBS), 2003 U.S. Dist. LEXIS 7197, at *6-7 (S.D.N.Y. Apr. 28, 2003) (rejecting claim of plaintiff who sought to take advantage of a class action settlement providing for the reopening of denied claims for Social Security benefits, as the SSA's decision, which had granted plaintiff benefits based on his consent to an amended onset date, was "fully favorable").

acceptance of the amended onset date.[6]  Even then, though, Plaintiff's Complaint would be subject to dismissal.

In *Rich v. Commissioner of Social Services,* the court expressed skepticism as to whether it had jurisdiction where the plaintiff alleged that he did not "knowingly" amend an onset date and where the plaintiff sought, on that ground, to challenge a favorable decision by the Commissioner granting benefits as of the amended onset date.  *See id.,* No. 08 Civ. 510S, 2009 U.S. Dist. LEXIS 82623, at *2 (W.D.N.Y. Sept. 10, 2009.)  The court in that case noted that it might have jurisdiction, if it read the *pro se* complaint "as challenging the Commissioner's unfavorable determination of his disability onset date."  *Id.*  Assuming jurisdiction, the court then dismissed the complaint because the record demonstrated that the plaintiff had, in fact, knowingly consented to the amended date.  *Id.* at *2-3.

Similarly, it is clear from the record in this case that Plaintiff knowingly and voluntarily consented to amend the alleged onset date of her disability.  At the February 26, 2007 hearing, ALJ Katz repeatedly asked Plaintiff if the amended onset date of September 21, 2004 was acceptable to her, and she responded affirmatively.  (R. at 32-34.)  Further, Plaintiff confirmed on the record that she had discussed the issue with her attorney, understood the consequences of amending the onset date, and agreed to the amended date.  (*Id.* at 33.)  Her attorney likewise testified that he had explained the consequences of the amendment to Plaintiff and that she had

---

[6] The Complaint does not actually contain any allegations regarding Plaintiff's amendment of the alleged onset date at the February 2007 hearing (*see* Compl.), although Plaintiff claimed in her administrative appeal that her attorney and the ALJ had decided to amend the alleged onset date without her participation (*see* R. at 1268).

10

agreed to the amended date.[7]  (*Id.* at 31.)  Although, at a later point in the hearing, Plaintiff

suggested that she had "no other choice" but to accept the amended onset date, ALJ Katz

immediately informed Plaintiff that she was not required to agree and could allege whatever

onset date she desired.  (*Id.* at 34.)  ALJ Katz then asked Plaintiff again if the amended onset

date of September 21, 2004 was acceptable, and Plaintiff reaffirmed her consent.  (*Id.*)  As this

exchange between Plaintiff and the ALJ demonstrates, Plaintiff's bare assertion that she was

coerced into consenting to the amendment of the alleged onset date is belied by the record.[8]

Overall, the record reflects that Plaintiff was made aware of the effect of amending the

onset date to September 21, 2004 – a date that coincided with new medical evidence submitted

by her attorney – and that, after consultation with counsel, she freely chose to consent to the

amendment.  (*See id.* at 31-34, 1082-85.)  Consequently, the record presents no basis from which

this Court can find that it has jurisdiction to review Plaintiff's claim.

## <u>CONCLUSION</u>

For the foregoing reasons, I respectfully recommend that Defendant's Motion for

Judgment on the Pleadings (Dkt. 13) be granted and Plaintiff's Complaint dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

---

[7] While Defendant argues that Plaintiff is bound by the acts of her counsel, and "cannot now avoid the consequences of the acts or omissions of this freely selected agent." (Def. Mem. at 9-10 (quoting *Link v. Wasbash R. Co.*, 370 U.S. 626, 633-34 (1962)), this principle need not even come into play, as Plaintiff herself expressly affirmed the acts of her counsel.

[8] The amendment to Plaintiff's alleged onset date could be characterized as a compromise in exchange for the ALJ's agreement to award benefits as of the amended date. Even viewed in that light, for the same reasons explained above, Plaintiff would not be able to avoid her knowing and voluntary consent to that compromise.

objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, United States Courthouse, 500 Pearl Street, Room 1340, New York, NY 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, NY 10007. Any requests for an extension of time for filing objections should be directed to Judge Rakoff. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
September 16, 2010

Respectfully Submitted,

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Jed S. Rakoff, U.S.D.J.

Ms. Jacqueline E. Bruno
8 Beaver Trail, Apt. 10-A
Glen Spey, New York, 12737

Leslie A. Ramirez-Fisher, Esq.
Assistant U.S. Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007